NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MAURICE ARSENIO VIDANA,                )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D17-5061
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed January 16, 2019.

Appeal from the Circuit Court for
Hillsborough County; Thomas P. Barber,
Judge.

Howard L. Dimmig, II, Public Defender, and
Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Ashley Brooke Moody, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

          Maurice Arsenio Vidana appeals his conviction and sentence for direct

criminal contempt arising from his failure to participate in depositions.  Because the

court failed to make findings that would support an adjudication of <u>direct</u> criminal contempt, we reverse and remand with directions to vacate Vidana's conviction.

Vidana was twice subpoenaed to attend a deposition in a case where he was an alleged victim of a shooting. On both occasions, he refused. At the hearing on the order to show cause why Vidana should not be held in contempt, several witnesses testified. An attorney testified that Vidana was an alleged victim in the case against his client. Twice the attorney had a subpoena issued to depose Vidana, and twice Vidana failed to show up to the scheduled deposition. An investigator with the State Attorney's Office testified that he personally served Vidana, who was in jail at the time, with both subpoenas. A court reporter testified that she was hired for one of the depositions, and the deposition did not happen because the witness refused to come. Three deputies who worked at the jail testified that they attempted to take Vidana to the depositions but he refused. The first time he stated that he was ill, but nursing staff concluded that he was physically able to go.

Based on this evidence, the court found Vidana guilty of <u>direct</u> criminal contempt. The contempt order stated that "[t]he [c]ourt, after receiving physical evidence, hearing testimony, and the argument of counsel, found the Defendant [g]uilty as charged." The written order did not—and, considering the evidence presented, could not—recite specific facts that would support the adjudication of guilt for <u>direct</u> criminal contempt.

Florida Rule of Criminal Procedure 3.830 addresses <u>direct</u> criminal contempt and provides, in relevant part:

> A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt

committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based.

"The supreme court [has] explained that for conduct to be considered <u>direct</u> criminal contempt, 'all of the acts underlying the contemptuous conduct must be committed in open court in the presence of the judge.' " <u>Brown v. State</u>, 226 So. 3d 369, 372 (Fla. 2d DCA 2017) (quoting <u>Plank v. State</u>, 190 So. 3d 594, 606 (Fla. 2016)). "If the judge needs to rely on statements and testimony from others regarding their knowledge about the contemptuous acts, the misconduct is no longer considered direct criminal contempt because additional testimony or explanation is necessary." <u>Id.</u> (quoting <u>Plank</u>, 190 So. 3d at 606). In other words, "[w]henever a judge must take testimony during a criminal contempt proceeding or rely on additional evidence not directly observed by the trial judge, the proceeding is no longer direct criminal contempt but becomes indirect criminal contempt." <u>Id.</u> (quoting <u>Plank</u>, 190 So. 3d at 607).

The evidence in the instant case could not support Vidana's conviction for <u>direct</u> criminal contempt—even if the court had made factual findings as required by rule 3.830. Vidana's contemptuous conduct took place at the jail, not in open court or in the judge's presence. The court did not see or hear the conduct. Rather, the court took testimony from the attorney who had the subpoena issued, the investigator that served Vidana with the subpoenas, the deputies who tried to take Vidana to the depositions, and the court reporter who was hired for one of the depositions. It was this testimony on which the court relied to find Vidana guilty. Because the trial judge did not directly observe Vidana's allegedly contemptuous conduct but rather needed to rely on others'

- 3 -

testimony, it was an abuse of discretion to find Vidana in <u>direct</u> criminal contempt.

Accordingly, we reverse and remand with directions to vacate Vidana's conviction.

Reversed and remanded with directions.

BADALAMENTI, J., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE, Concur.